NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALVIS OTTRE CLEVELAND, *Appellant.*

No. 1 CA-CR 24-0335

FILED 07-22-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-129943-001
The Honorable Tracey Westerhausen, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green, Mesa
By Kyle T. Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Angela K. Paton joined.

---

**C A T T A N I**, Judge:

¶1        Alvis Ottre Cleveland appeals his convictions and sentences for possession of dangerous drugs (methamphetamine) and unlawful flight from a law enforcement vehicle.  Cleveland's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Cleveland was given the opportunity to file a supplemental brief but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Cleveland's convictions and sentences, corrected as described below to resolve minor technical errors in the sentencing order.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In mid-June 2023, Cleveland was granted pretrial release on his own recognizance on pending felony charges.  Two weeks later, Phoenix Police officers in a marked patrol vehicle observed Cleveland, who was driving a black motorcycle, commit a traffic violation.  The officers followed Cleveland, activating their emergency lights and siren to make a traffic stop.  Cleveland turned left into a parking lot, but did not stop and instead drove through the lot and back to the street, where he doubled-back the way he had come.

¶3        At that point, the officers saw Cleveland reach into his waistband and toss a small plastic baggie to the ground.  The officers stopped to retrieve the baggie, which contained a white crystalline substance later identified as 4.64g of methamphetamine.  A nearby police helicopter continued the pursuit.

¶4        The motorcycle malfunctioned and came to a full stop a few minutes later, and Cleveland was taken into custody.  After being read his

*Miranda*[1] rights, Cleveland acknowledged knowing the police were following and trying to pull him over and that now it was "felony flight." When asked whether the baggie contained fentanyl or methamphetamine, Cleveland responded that it was "not fentanyl" and "could be" methamphetamine.

**¶5**     The State charged Cleveland with possession of dangerous drugs (methamphetamine), a class 4 felony, and unlawful flight from a law enforcement vehicle, a class 5 felony. *See* A.R.S. §§ 13-3407(A)(1), (B)(1), 28-622.01(A)(1). Cleveland testified at the resulting jury trial, asserting that he did not initially realize the police were trying to pull him over and denying that the baggie of methamphetamine was his or that he had thrown it from the motorcycle. The jury found him guilty as charged and later found that he had committed the offenses while on felony release.

**¶6**     After a trial on priors, the superior court found Cleveland had five prior felony convictions, at least two of which qualify as historical prior felony convictions. *See, e.g.*, A.R.S. §§ 13-105(22)(d), -703(C). The court sentenced him as a category three repetitive offender to concurrent, minimum terms of imprisonment, the greater of which is 8 years plus 2 calendar years, with credit for 337 days of presentence incarceration. *See* A.R.S. §§ 13-703(J), -708(D). The court also imposed required fees and assessments, including a mandatory $1,000 fine for the drug offense. *See* A.R.S. § 13-3407(H).

**¶7**     Cleveland timely appealed.

## DISCUSSION

**¶8**     We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300; *see also State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). We find none.

**¶9**     Cleveland was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Cleveland all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Cleveland's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶10          We note, however, certain minor technical errors in the sentencing order.  First, although the court found five prior (and thus more than two historical prior) felony convictions and sentenced Cleveland as a category three repetitive offender on both counts, the sentencing order lists four of the priors with the dangerous drugs count and one under the unlawful flight count.  We correct the sentencing order to reflect that all five priors apply to both counts.

¶11          Second, although the court imposed minimum terms of imprisonment on each count, the sentencing order classifies the prison term for dangerous drugs as presumptive and the term for unlawful flight as maximum.  Only the classification, not the duration, of each sentence is in error; because of the 2-year enhancement under § 13-708(D) applicable to each count, the total prison terms imposed are correct.  We nevertheless correct the sentencing order to reflect the appropriate classification of each sentence as a "Minimum" term.  Subject to those technical corrections, *see* A.R.S. §§ 13-4036, -4037(A); Ariz. R. Crim. P. 31.19(c), we affirm Cleveland's convictions and sentences.

¶12          Upon the filing of this decision, defense counsel shall inform Cleveland of the status of the appeal and of his future options.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Counsel has no further obligations unless, upon review, he finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See id.*  On the court's own motion, Cleveland shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶13          We affirm as corrected.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR